IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. _____ |
| Plaintiff, | |
| | **JURY TRIAL DEMANDED** |
| v. | |
| COUNTY FAIR FARMS, | |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Aurora Del Rosario Clemente Arpaiz and similarly aggrieved female farm workers who were adversely affected by such practices. As alleged with greater particularity in paragraphs 12 and 14 below, the U.S. Equal Employment Opportunity Commission ("the Commission") alleges that the Defendant, County Fair Farm ("Defendant") has engaged in sex discrimination against Arpaiz and other female farm workers by subjecting them to sex harassment and by creating and maintaining a hostile work environment because of sex, female. In addition, Defendant retaliated against Arpaiz by subjecting her to continued harassment and, ultimately, constructive discharge, because of her complaints of unlawful sex discrimination.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and continue to be committed within the jurisdiction of the United States District Court for the District of Maine.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant County Fair Farm has continuously been doing business in the State of Maine and the City of Jefferson, and, for at least twenty weeks during the years in which the allegations herein occurred, has had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Aurora Del Rosario Clemente Arpaiz filed a charge with the Commission alleging violations of Title VII by Defendant.

7. The Commission issued to Defendant a Letter of Determination dated August 4, 2014, notifying Defendant that the Commission found reasonable cause to believe that Defendant discriminated against Arpaiz, and a class of similarly-aggrieved individuals on the basis of sex and had retaliated against Arpaiz.

8. The conciliation efforts required by law have occurred and were unsuccessful:

   a) On August 4, 2014, the Commission issued to Defendant a Letter of Determination inviting Defendant to join with the Commission in informal methods of conciliation.

   b) On September 29, 2014, EEOC issued a Notice of Conciliation Failure advising Defendant that, despite its efforts, EEOC was not able to secure an agreement acceptable to the Commission.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

10. Arpaiz first began working for Defendant during the 2007 growing season. She worked at the farm stand and, primarily, harvesting crops on Defendant's farm in Jefferson, Maine. Arpaiz was employed by Defendant during the growing seasons from 2007 – 2010 and again in 2012.

11. Since at least 2003, Defendant has employed other women to work on its farm in Jefferson, Maine; their responsibilities have included working at the farm stand and harvesting crops.

12. Since at least 2003, Defendant has engaged in unlawful employment practices at its farm in Jefferson, Maine, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-(a)(1). These unlawful practices include, but are not limited to, the following:

a) Defendant has engaged in sex discrimination against Arpaiz and other female farm workers by subjecting them to sexual harassment, and by creating and maintaining a hostile work environment because of their sex, female.

b) During the 2012 growing season, Arpaiz's supervisor slapped Arpaiz on the buttocks and frequently propositioned her for sex. This included sending Arpaiz graphic text messages describing sexual acts he wanted to perform on her. Arpaiz rejected these advances and told her supervisor not to touch her.

c) During the 2012 season, Arpaiz lived in a trailer on Defendant's farm. At night, her supervisor would often stand or sit outside the door of Arpaiz's trailer and stare; Arpaiz would lock herself inside, refusing to let him in and afraid to leave the trailer herself.

d) Also during this time, other male farm workers, in addition to and often in front of Arpaiz's supervisor, made derogatory, lewd, sexual comments to and about Arpaiz.

e) Arpaiz complained about this conduct to Defendant, both by complaining directly to the farm's owners and to another worker who was also responsible for giving assignments to the farm workers. Despite the complaints, Defendant did nothing to remedy the discrimination.

f) During the 2012 season, a male farm worker began harassing another female worker, including unwanted touching of her buttocks and breasts and unwelcome comments about her body. The female worker complained to a supervisor about this conduct, but it went unremedied.

g) During the period between 2003 and 2011, other female workers on Defendant's farm were subject to similar, unwanted harassment based on sex by male coworkers. This

included unwanted touching (for example, unwanted embracing, caressing and attempted kissing), repeated requests for sex and repeated lewd comments. At least three other female farm workers complained to Defendant about this conduct, but Defendant took no action to remedy the harassment.

13. The effect of the practice(s) complained of in paragraph 12, above, has been to deprive Arpaiz and other female farm workers on Defendant's farm of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

14. Beginning in 2012, Defendant has engaged in unlawful employment practices at its farm in Jefferson, Maine, in violation of Section 704(a)(1) of Title VII, 42 U.S.C. § 2000e-3(a), with respect to Arpaiz. These unlawful practices include, but are not limited to, the following:

 a) After Arpaiz complained to Defendant about the sexual harassment she was experiencing, the harassment by her male coworkers and her supervisor increased. This included referring to her as a "cry baby" and telling her to "stop causing trouble." On one occasion, in approximately September 2012, Arpaiz's male coworkers abandoned her at a shopping center half an hour away from the farm, without any means of getting back to the farm, in an effort to punish her for her complaints to Defendant.

 b) Arpaiz again complained to Defendant about this conduct, but Defendant failed to remedy the harassment. After this complaint, Arpaiz experienced continued harassment from her supervisor, including comments that she was a trouble maker. One of her male coworkers threatened to beat her.

c) In or around November 2012, Arpaiz again complained to Defendant and stated that she could not take the harassment any longer. Defendant handed Arpaiz her final paycheck, constructively discharging her.

15. The effect of the practice(s) complained of in paragraph 14, above, has been to deprive Arpaiz of equal employment opportunities and otherwise adversely affect her status as an employee because of her opposition to practices made unlawful by Title VII.

16. The unlawful employment practices complained of in paragraphs 12 and 14 above were intentional.

17. The unlawful employment practices complained of in paragraphs 12 and 14 were done with malice or with reckless indifference to the federally protected rights of Arpaiz and other female farm workers who worked for Defendant.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of sex.

B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice that discriminates against any individual in retaliation for asserting her rights under federal employment law or otherwise engaging in protected activity.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and those who oppose employment

practices made unlawful by Title VII, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to make whole Arpaiz, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay.

E. Order Defendant to make whole Arpaiz and other female farm workers who have suffered sex discrimination at Defendant's farm by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 12 and 14, above, including emotional pain, suffering, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Arpaiz and other female farm workers who have suffered sex discrimination at Defendant's farm punitive damages for its malicious and reckless conduct described in paragraphs 12 and 14 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Y. Reams
Associate General Counsel

 /s/ Robert D. Rose
Robert D. Rose
Regional Attorney
Robert.rose@eeoc.gov

 /s/ Raechel Adams
Raechel Adams
Supervisory Trial Attorney
Raechel.adams@eeoc.gov

 /s/ Sara Smolik
Sara Smolik
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Boston Area Office
John F. Kennedy Federal Building
Room 475
Boston, MA 02203-0506
(617) 565-3207
sara.smolik@eeoc.gov